IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONALD MERRILL                                                    PLAINTIFF

v.                              Civil No. 3:24-cv-03037-TLB-CDC

EVANS, Sheriff, Marion County
Detention Center; MILLS, Jailer/CO,
Marion County Detention Center; and
NORWOOD, Jailer/CO, Marion County
Detention Center                                                 DEFENDANTS

## MAGISTRATE JUDGE'S SCREENING REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Donald Merrill ("Merrill"), under 42 U.S.C. § 1983.  Merrill proceeds *in forma pauperis* and *pro se.*  Merrill contends his constitutional rights were violated when he was given an injection of insulin on September 6, 2021.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.     BACKGROUND

This case was initially opened in the Eastern District of Arkansas on September 3, 2024. (ECF No. 1 & 2).  On September 9, 2024, an Order (ECF No. 3) was entered transferring the case to this district.

---

[1] Enacted as part of the Prison Litigation Reform Act.

According to the allegations of the Complaint, on September 6, 2021, Merrill, a pretrial detainee at the time, was incarcerated at the Marion County Detention Center ("MCDC") in Yellville, Arkansas. (ECF No. 2 at 5). Defendant Mills, who was not a trained nurse, oversaw the dispensing of medication at the MCDC. *Id.* Mills called Merrill out of his cell to check his blood sugar level. *Id.* at 5-6. Merrill's blood sugar level was "230 something." *Id.* at 5. At this point, Defendant Mills radioed the control booth officer, Defendant Norwood, and notified him of Merrill's blood sugar level. *Id.* Defendant Norwood directed Defendant Mills to give Merrill 30 ccs of insulin. *Id.* Defendant Mills drew the insulin into a syringe, handed it to Merrill, and ordered him to inject it into his body. *Id.*

Merrill alleges he had been on Metformin, a 500-milligram tablet, to control his blood sugar. (ECF No. 2 at 5). Since he had never been prescribed insulin injections, Merrill indicates he was shaking with fear when he injected the insulin in his stomach area and a portion of the insulin seeped out. *Id.*

As a result of the injection, Merrill states his blood sugar "instantly dropped," he became light headed, was sweating profusely, was weak, and scared for his life. (ECF No. 2 at 5). Merrill "stumbled" back up to his second-floor cell and ate "approximately six (6) nutty bars just to get his/my blood sugar back up before a diabetic coma set in." *Id.* Approximately two days later, an investigation was conducted and Merrill was interviewed. *Id.* According to Merrill, Defendant Norwood was fired "for his action in ordering a non-prescribed insulin injection that could have killed" Merrill. *Id.* at 6.

With respect to Defendant Evans, Merrill contends he failed to properly train Defendants Norwood and Mills to ensure Merrill was seen by licensed medical staff and given the correct prescribed medication. (ECF No. 2 at 6). Merrill contends Defendant Norwood acted with

deliberate indifference when he ordered "a non-medically prescribed insulin injection" which almost took Merrill's life. *Id.* With respect to Defendant Mills, Merrill contends she was acting as a nurse in issuing medication without medical training or license and ordered him to inject himself with a possible lethal dose of insulin. *Id.*

As relief, Merrill is seeking compensatory damages in the amount of $100,000 from each Defendant.

## I.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Whether the inmate is a pretrial detainee or a convicted inmate, the Eighth Circuit analyzes denial of medical care claims under the deliberate indifference standard of the Eighth Amendment.  *See e.g., Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment).  The Court therefore examines Plaintiff's claims under the Eighth Amendment's deliberate indifference standard.  *Id*.

To succeed on this type of claim, Merrill must demonstrate (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need.  *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020).  "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations omitted).  "To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health."  *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted).  The Eighth Circuit has stated that this

"onerous standard requires a showing more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotations and citations omitted).

In this case, Merrill has alleged he was given a single dose of the wrong medication, an insulin injection, by Defendant Mills at the direction of Defendant Norwood.  Merrill has not alleged that Defendant Norwood acted knowingly or intentionally in ordering the insulin injection or that Defendant Mills was even aware it was the wrong medication.  Merrill has not alleged he protested its administration or requested that his medical records be consulted.  In the absence of such allegations, the mistaken administration of a single dose of the wrong medication, even though the consequences could have been severe, fails to state a plausible claim of deliberate indifference on the part of Defendants Norwood or Mills.   *See e.g., Spann v. Roper,* 483 F.3d 1007, 1008 (8th Cir. 2006) (nurse did not act with deliberate indifference by mistakenly forcing inmate to take another inmate's medication); *see also Barnett v. Luttrell,* 414 F. App'x 784, 788 (6th Cir. 2011) (nurse's provision of Dilantin instead of ibuprofen was at most negligence or medical malpractice); *Davila v. Secure Pharmacy Plus,* 829 F. Supp. 2d 311, 316 (D. Conn. 2004) (no deliberate indifference where defendant provided wrong medication).  Further, Merrill has no constitutional right to have his medication dispensed by a licensed medical practitioner.  *Palmer v. Helder,* Civil No. 14-5180, 2015 WL 13736233, *7 (W.D. Ark. June 30, 2015) (citing *Breakiron v. Neal,* 166 F. Supp. 2d 1110, 1115 (N.D. Tex. 2001)); *see also Johnson v. Dukes,* Civil No. 4:22-cv-00884, 2022 WL 21778355, *2 (E.D. Ark. Sept. 30, 2022).

With respect to Defendant Evans, Merrill has not alleged that he was present when the wrong medication was given, was involved in the decision to give the insulin injection, or even

knew about it until after the fact.   Without some personal involvement, Defendant Evans cannot be held personally liable under § 1983.  *See e.g., Jones v. City of St. Louis,* 104 F.4th 1043, 1049 (8th Cir. 2024) ("To establish liability against supervisory officials . . . [Merrill] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights") (citation and internal quotation marks omitted).  Further, no official capacity liability exists when there is no underlying constitutional violation.  *See e.g. Muir v. Decatur Cty.,* 917 F.3d 1050, 1054 (8th Cir. 2019) ("there must be an unconstitutional act by a municipal employee before a municipality can be held liable") (internal quotation marks and citation omitted).

### III.  CONCLUSION

For these reasons, it is recommended that:

 (1)  the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 27th **day of September 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE